IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUDY CHRISTIAN PERCIVAL,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| v. | : | |
| | : | |
| **AXION CONTACT CENTER LLC d/b/a** | : | |
| **AXION HEALTHCARE SOLUTIONS, LLC,** | : | No. 23-cv-03993 |
| *Defendant.* | : | |

MEMORANDUM

**KENNEY, J.**                                                                                                    **APRIL 2, 2024**

Plaintiff Judy Christian Percival ("Percival") brings this action against Defendant Axion Contact Center LLC ("ACC") d/b/a Axion HealthCare Solutions, LLC ("Axion HealthCare") for disability discrimination and retaliation pursuant to the American with Disabilities Act of 1990 (42 U.S.C. § 12101, et seq.) ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"). ECF No. 22. Percival alleges that ACC failed to accommodate Percival's disability, retaliated against her because of her disability, and subsequently fired her because of her disability. *Id.* ¶¶ 186-188.

Presently before the Court is ACC's Motion to Dismiss Percival's First Amended Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). ECF No. 59. As discussed below, the Court finds that Percival's Complaint is time-barred and thus grants ACC's Motion to Dismiss on statute of limitations grounds under Rule 12(b)(6).

I.   BRIEF BACKGROUND AND PROCEDURAL HISTORY

ACC hired Percival in 2016 to work from her home in Florida as a Diabetic Coach and Dietician. ECF No. 22 ¶¶ 41, 51. Percival suffers from a medical condition that prevents her from working a standard five day, forty-hour work week. *Id.* ¶¶ 37, 49. Accordingly, ACC permitted

Percival to work a flexible schedule in which she could complete a forty-hour workweek in six days – Monday to Saturday, 8:00 A.M. to 8:00 P.M. *Id.* ¶ 57-59.  This flexible schedule allowed Percival to take breaks from work as needed when she experienced pain. *Id.* ¶ 57.

ACC fired Percival on January 9, 2018. *Id.* ¶ 63. She was then rehired on August 18, 2018. *Id.* ¶ 65.  ACC again permitted Percival to work a flexible schedule. *Id.* ¶ 67. Percival alleges that soon after she was rehired, her manager and a clinical supervisor "began a campaign to sabotage [Percival]'s medical accommodation" and "began harassing [her] mercilessly about her flexible schedule." *Id.* ¶¶ 73, 76. Percival alleges, *inter alia*, that ACC employees wanted Percival to use her personal computer for work, *id.* ¶ 78, delayed sending her a work computer, *id.* ¶ 84, directed all inbound calls to Percival's line, *id.* ¶ 89, accessed her work computer, turned on her camera, and observed her disability, *id.* ¶¶ 95-98, sent zip drives with viruses to her work computer, *id.* ¶¶ 107-114, accessed her personal emails from her personal computer, *id.* ¶ 121, and removed her from a workplace messenger system. *id.* ¶¶ 138-143. Percival complained to ACC about her ongoing computer issues, but the problems remained unresolved. *Id.* ¶¶ 150-51, 158. On January 3, 2022, ACC fired Percival for the second time. *Id.* ¶ 168.

Percival filed a Charge of Discrimination with the New York State Division of Human Rights (NYSDHR) on February 19, 2022, naming Axion HealthCare and five employees as defendants. ECF No. 59 at Ex. A.[1] The NYSDHR found no probable cause to believe that Axion HealthCare had engaged in discriminatory conduct. *Id.* at Ex. C. On October 7, 2022, the U.S. Equal Employment Opportunity Commission (EEOC) issued a Right-to-Sue letter, which adopted

---

[1] Percival's charge of discrimination with the NYSDHR named Axion HealthCare LLC as the Respondent. ECF No. 59, Ex. A; *see also* ECF No. 1 at 32. Axion Contact Center LLC ("ACC") answered the charge, explaining that while an entity named Axion Healthcare Solutions LLC did exist, that entity is not Percival's employer. *Id.* Ex. B ¶ 1. As will be discussed, ACC was added as a defendant to the action when Percival filed her Amended Complaint, on June 20, 2023. ECF No. 22.

the findings of the NYSDHR, dismissed Percival's ADA charges, and notified Percival of her right to sue Axion HealthCare within 90 days of receiving the notice. *Id.* at Ex. D.

Percival received the EEOC's Right-to-Sue letter on October 28, 2022. ECF No. 1 at 12. She therefore had until January 26, 2023, to file suit against Axion HealthCare. On January 25, 2023, and again on January 26, 2023, Percival attempted to email her Complaint to the pro se office with the U.S. District Court for the Southern District of New York, but seemingly entered an incorrect email address both times. ECF No. 1 at 3-5. On February 10, 2023, Percival successfully filed her Complaint pro se via email (*id.* at 1), naming five individual employees as defendants (*id.* at 8-9, 14). No corporate entity was named as a defendant.[2] Her Complaint made claims of race discrimination under Title VII of the Civil Rights Act of 1964; disability discrimination under the ADA; related race and disability discrimination claims under New York State Human Rights Law and New York City Human Rights Law; and other general claims of retaliation, cyberbullying, and harassment. ECF No. 1 at 10-11.

Thereafter, Percival obtained counsel, ECF No. 17, and filed an Amended Complaint on June 30, 2023, adding ACC as the corporate defendant, ECF No. 22. Percival's Amended Complaint dropped the race discrimination claim under Title VII, as well as both New York claims. The only remaining claims were federal ADA and ADAAA claims for disability discrimination and retaliation against ACC and the individual defendants. ECF No. 22.

By joint stipulation, the parties transferred the case to the U.S. District Court for the Eastern District of Pennsylvania and dismissed the five individual defendants from the action. ECF No. 45. Upon the case's transfer to this Court, Percival's attorney withdrew as counsel, and Percival is

---

[2] On February 22, 2023, the Court directed Clerk of Court to amend the case caption to add Axion HealthCare LLC as a defendant, stating that "[i]n light of Plaintiff's *pro se* status and clear intention to assert claims against her employer, the Court construes the complaint as asserting claims against Axion HealthCare LLC." ECF No. 6.

3

now representing herself, pro se. ECF No. 50. At present, only the federal ADA and ADAAA disability discrimination and retaliation claims against ACC remain.

On December 13, 2023, ACC filed the present Motion to Dismiss Percival's Amended Complaint. ECF No. 59. Percival replied in opposition pro se on February 27, 2023 (ECF No. 63), March 11, 2023 (ECF No. 65), and March 18, 2023 (ECF No. 67).

## II.  STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a motion to dismiss, courts may consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).[3] Finally, when considering a motion to dismiss, a district court is "required to interpret the *pro se* complaint liberally." *Sause v. Bauer*, 585 U.S. 957, 960 (2018).

---

[3]  Percival's Complaint of February 10, 2023 (ECF No. 1), totals 113 pages and includes a range of unmarked documents, including the Complaint itself, copies of the letters from the NYSDHR and EEOC, ACC's answer to the NYSDHR complaint, copies of work emails, and other documents. In reviewing the present motion, the Court reviewed Percival's Complaint, ECF No. 1 at 7-16, and copies of email receipts related to Percival's attempts to file her Complaint with the Southern District of New York, *id.* at 1-5.

### III. DISCUSSION

ACC moves to dismiss Percival's claims under Rule 12(b)(6), alleging that Percival's Amended Complaint (1) is time-barred and (2) fails to state a claim for discrimination and retaliation under the ADA and ADAAA. *See* ECF No. 59. Because the Court finds that Percival's Complaint is time-barred, the ensuing discussion will pertain to that issue only and will not address the merits of Percival's ADA and ADAAA claims.

ACC asserts that Percival's Complaint is time-barred because it was not filed within the 90-day statutory window following Percival's receipt of the EEOC's Right-to-Sue letter. ECF No. 59 at 15-16. The applicable statutory provision is as follows:

> If a charge filed with the Commission pursuant to subsection (b) is dismissed by the Commission[,] . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge [] by the person claiming to be aggrieved . . . .

42 U.S.C. § 2000e-5(f)(1). In the Third Circuit, this 90-day period for filing a court action after the EEOC issues a Plaintiff a Right-to-Sue letter is treated as a statute of limitations. *See Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) ("We have strictly construed the 90-day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed."); *see also Carter v. Potter*, 258 F. App'x 475, 478 (3d Cir. 2007) ("Appellant filed a civil action in the District Court on Wednesday, February 22, one day later than the expiration of the 90-day period, and therefore warranting the District Court's dismissal of the complaint.").

ACC asserts that Percival has violated the strict 90-day requirement because she filed her Complaint on February 10, 2023, 105 days after receiving the EEOC's Right-to-Sue letter. ECF

5

No. 59 at 15-16. The Court agrees that Percival's Complaint is time-barred.[4] A review of the relevant timeline confirms this finding: Percival received the EEOC's Right-to-Sue letter on October 28, 2022. ECF No. 1 at 12. Ninety days from this date is January 26, 2023. On the evening of January 25, 2023, Percival attempted to file her Complaint pro se with the U.S. District Court for the Southern District of New York, but she entered an incorrect email address for the Clerk's office. *Id.* at 2, 4. It appears that she attempted to file again on the afternoon of January 26, 2023. *Id.* at 3. As before, she entered an incorrect email address for the Clerk's office. *Id.* It also appears that at some point thereafter she called the Clerk's office and learned that "no records [were] located" and that she should "send [her Complaint] again" to the correct email address. *Id.* Then, on February 10, 2023, Percival filed her Complaint using the correct email address for the Clerk's office. *Id.* at 1. Unfortunately for Percival, she was fifteen days too late.[5]

In certain circumstances, equitable tolling may offer a plaintiff recourse for failing to file a complaint within the strict 90-day statute of limitations. That is, equitable tolling can serve "to stop the statute of limitations from running where the claim's accrual date has already passed." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). It is "a remedy,

---

[4] Percival filed her Amended Complaint on June 30, 2023, which supersedes the original Complaint. However, pursuant to Rule 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Thus, when an amended complaint "relates back" to the original complaint, the operative date for statute of limitations purposes is the date the original complaint was filed. *See Glover v. F.D.I.C.*, 698 F.3d 139, 145 (3d Cir. 2012) ("Where an amendment relates back, Rule 15(c) allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality.").

[5] ACC also argues that because Percival failed to name ACC in the EEOC charge and did not add ACC until the Amended Complaint, ACC lacked proper notice of Percival's ADA claims. ECF No. 59 at 18. Further, ACC asserts, the Amended Complaint naming ACC is itself time-barred, as it was filed 245 days after Percival received her Right-to-Sue letter. *Id.* at 17. However, as discussed, the operative date for statute of limitations purposes was the date the original complaint was filed, February 10, 2023. And, as discussed, the Complaint was untimely, rendering moot the issue of Percival failing to name ACC in the EEOC charge.

however, available only sparingly and in extraordinary situations." *Koller v. Abington Mem'l Hosp.*, 728 Fed. App'x 136, 139 (3d Cir. 2018) (internal citation and quotations omitted). Equitable tolling may apply in three such situations: "(1) where the defendant has actively misled plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; and (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver*, 38 F.3d at 1387. The doctrine of equitable tolling thus arises from the principle that it would be "'manifestly unjust'" to permit a defendant to "benefit from [a] statute of limitations defense after intentionally misleading the plaintiff with regard to the cause of action, thereby causing the plaintiff's tardiness." *Id.* at 1389 (quoting *Miklavic v. USAir Inc.*, 21 F.3d 551, 557 (3d Cir. 1994)).

Equitable tolling does not apply here. There is no evidence that ACC misled Percival with respect to her cause of action or engaged in any conduct to otherwise impede Percival's ability to file her Complaint within the 90-day statute of limitations. Further, Percival presents no extraordinary circumstances that prevented her from timely filing her Complaint. And, even if Percival filed in the wrong forum, she did not timely do so.

## IV.    CONCLUSION

Percival's Complaint is time-barred under the ADA's 90-day statute of limitations period for commencing an action following receipt of the EEOC's Right-to-Sue letter. Accordingly, the Court grants ACC's Motion to Dismiss (ECF No. 59) on statute of limitations grounds under Rule 12(b)(6). An appropriate order will be issued.

**BY THE COURT:**

**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, J.**